**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Petitioner, | § § | |
| VS. | § § | MISC. ACTION NO. H-11-MC-83 |
| DANNY NUGYEN, | § § | |
| Respondent. | § § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Petitioner, | § § | |
| VS. | § § | MISC. ACTION NO. H-11-MC-85 |
| JENNIFER HA, | § § | |
| Respondent. | § § | |

**ORDER**

**I.     Background**

The United States seeks enforcement of summonses issued by the Internal Revenue Service (IRS) to Danny Nguyen and Jessica Ha.  (No. H-11-MC-83, Docket Entry No. 1); (No. H-11-MC-85, Docket Entry No. 1).  Nguyen and Ha are married and operate Kingdom Granite & Shutter in Houston, Texas.  The IRS maintains that the only purpose of the summonses is to determine Nguyen's and Ha's civil tax liability.

The summonses were issued after an IRS investigator met with Ha on August 26, 2009 for an initial interview.  During the interview, Ha described the records she and Nguyen kept to track the income, expenses, invoices, and receipts of their business.  (No. H-11-MC-83, Docket Entry No.

1-1, Nicah Anderson Dec.); (No. H-11-mc-85, Docket Entry No. 1-1, Nicah Anderson Dec.). After the interview, the IRS issued summonses to Ha and Nguyen for testimony and production of "books, records, papers, and other data" relating to tax liability. The summonses also requested production of "documents pertaining to the expenses incurred during the operation of [] Kingdom Granite & Shutter" and proof of payment for those expenses; copies of billing records and spreadsheets used to issue client invoices; and a copy of the Global Pay credit card receipts. (No. H-11-MC-83, Docket Entry No. 1-2, Nguyen Summons); (No. H-11-mc-85, Docket Entry No. 1-2, Ha Summons).

Both Ha and Nguyen failed to appear before the IRS on the date stated in the summons. The IRS issued a "last chance letter." Ha and Nguyen met with the IRS agent on June 14, 2010. Invoking the Fifth Amendment, both Ha and Nguyen refused to answer any of the agent's questions.

On June 23, 2010, Ha and Nguyen again met with the IRS agent. At this second meeting, Ha and Nguyen both answered questions asking their name, social security number, and marital status. Ha confirmed that she would produce records she had discussed in her initial meeting with the IRS agent. Ha and Nguyen both invoked the Fifth Amendment when asked questions seeking more than basic personal information. The day after the meeting, Ha called the IRS agent and said that she would not produce any records, invoking the Fifth Amendment. Ha and Nguyen have not produced any of the documents sought. (No. H-11-MC-83, Docket Entry No. 1-1, Nicah Anderson Dec.); (No. H-11-mc-85, Docket Entry No. 1-1, Nicah Anderson Dec.).

On February 18, 2011, the IRS filed petitions to enforce the summonses. This court ordered both Ha and Nguyen to show cause for failing to obey. (No. H-11-MC-83, Docket Entry No. 2); (No. H-11-mc-85, Docket Entry No. 2). The United States and Ha and Nguyen have briefed the

Fifth Amendment issue. (No. H-11-MC-83, Docket Entry Nos. 5, 7, 8); (No. H-11-mc-85, Docket Entry No. 4.).[1]

This court held a show-cause hearing. At the hearing, this court found no Fifth Amendment privilege applicable to the documents Ha had agreed to produce in her first meeting with the IRS agent. This court ordered Ha to produce those documents. (No. H-11-mc-85, Docket Entry No. 6). The remaining issue is whether Nguyen and Ha properly invoked the Fifth Amendment in response to the IRS's other requests for documents and to questions.

The United States has provided the court with a copy of the questions it asked Ha and Nguyen during their interviews. The United States argues that Ha and Nguyen improperly asserted the Fifth Amendment on a blanket basis rather than a document-by-document and question-by-question basis. The United States also argues that the IRS's investigation is civil and that neither producing the documents nor answering the questions raises a "real and substantial risk" of exposure to criminal consequences. Ha and Nguyen respond that they properly invoked the Fifth Amendment because there is a real and substantial risk that the IRS's civil investigation could become a criminal investigation.[2] The arguments are analyzed below.

## II.     Analysis

### A.     The Legal Standard

---

[1] Ha moved to adopt Nguyen's motions and briefing. (No. H-11-MC-83, Docket Entry Nos. 7). The United States had not opposed that motion and it is granted.

[2] Kingdom Granite & Shutter is a sole proprietorship. The custodian of corporate records has no self-incrimination privilege when acting in his corporate capacity in responding to a subpoena. *Braswell v. United States*, 487 U.S. 99 (1988). This does not apply to sole proprietorships. *See Fisher v. United States*, 425 U.S. 391, 425 (1976); *United States v. Ponds*, 454 F.3d 313 (D.C. Cir. 2006).

The Fifth Amendment protects an individual from being compelled "to produce evidence which may later be used against him as an accused in a criminal action." *Maness v. Meyers*, 419 U.S. 449, 461 (1975). "This privilege may be asserted in any proceeding, including a civil proceeding." *In re Sambrano Corp.*, 441 B.R. 562, 566 (Bankr. W.D. Tex. 2010) (citing *Maness*, 419 U.S. at 461); *see also Maness*, 419 U.S. at 461 ("This Court has always broadly construed its protection to assure that an individual is not compelled to produce evidence which later may be used against him as an accused in a criminal action. The protection does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." (internal citations omitted)); *United States v. Argomaniz*, 925 F.2d 1349, 1352–53 (11th Cir. 1991) (noting that the Fifth Amendment "'can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory'" (quoting *Kastigar v. United States*, 406 U.S. 441 (1972)). "In *Fisher v. United States*, the Supreme Court held that the Fifth Amendment privilege against self-incrimination may be invoked to protect an individual from being compelled to personally produce documents, even if the contents of those documents were not privileged, if the "act of production" would have testimonial aspects that could be self-incriminating." *Sambrano*, 441 B.R. at 566 (citing *Fisher v. United States*, 425 U.S. 391, 410 (1976)). "To receive Fifth Amendment protection under the 'act of production privilege,' two requirements must be satisfied: (1) [t]he act of producing the documents must have 'testimonial' aspects . . . and (2) the documents must be self-incriminating." *Id.*

    **1.**    **Testimonial**

"The Fifth Amendment does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a Testimonial Communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408 (1976). "The act of producing evidence in response to a subpoena . . . has communicative aspects . . . . Compliance with [a] subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It [also indicates] the taxpayer's belief that the papers are those described in the subpoena." *Id.* at 410; *see also United States v. Hubbell*, 530 U.S. 27, 36 (2000) ("By producing documents in compliance with a subpoena, the witness would admit that the papers existed, were in his possession or control, and were authentic.").

Whether a subpoena implicates the Fifth Amendment depends on "the facts and circumstances of particular cases or classes thereof." *Id.* The "critical inquiry is whether the government can show it had such 'prior knowledge of either the existence or the whereabouts,' of the produced documents that their existence and location was a 'foregone conclusion.'" *United States v. Ponds*, 454 F.3d 313, 320 (D.C. Cir. 2006) (quoting *Fisher*, 425 U.S. at 411; *Hubbell*, 530 U.S. at 43). If the "existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers," the Fifth Amendment is not implicated. *Fisher*, 425 U.S. at 411. The Fifth Amendment is implicated when a subpoena compels an individual "to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence." *Hubbell*, 530 U.S. at 43 (finding that Fifth Amendment properly invoked against a subpoena requesting 11 broad categories of documents).

"The government 'bears the burdens of production and proof on the questions of . . . possession and existence of the summoned documents." *In re Grand Jury Subpoena*, 383 F.3d 905, 910 (9th Cir. 2004) (citing *In re Grand Jury Proceedings, Subpoenas for Documents*, 41 F.3d 377, 380 (8th Cir. 1994)). The D.C. Circuit has held that the government must establish its knowledge of the existence, possession, and authenticity of the subpoenaed documents with "reasonable particularity." *Ponds*, 454 F.3d at 320–21; *see also Grand Jury Subpoena*, 383 F.3d at 910 (applying the reasonable particularity test). If the government makes this threshold showing, the inquiry is whether the documents are otherwise testimonial. *Id.* at 324.

Documents prepared by a third party are not generally testimonial. *See Fisher*, 425 U.S. at 411 (noting that "[a] subpoena served on a taxpayer requiring him to produce an accountant's workpapers in his possession without doubt involves substantial compulsion. But it does not compel oral testimony; nor would it ordinarily compel the taxpayer to restate, repeat, or affirm the truth of the contents of the documents sought"); *see also United States v. Gippetti*, 153 F. App'x 865, 869 (3d Cir. 2005) (requiring the production of records pertaining to an individual's bank and credit card with the Cayman National Bank); *United States v. Carlin*, Civ. A. No. 06-1906, 2006 WL 2619800, at *3 (E.D. Pa. Sept. 11, 2006) ("[A] taxpayer makes no testimonial communication when he produces documents in his own possession which were created by third-parties." (citing *Fisher*, 425 U.S. at 409–10)); *United States v. Tervort*, No. 1: 07-cv-01295-OWW-SMS, 2008 WL 5273492, at *6 (E.D. Cal. Dec. 18, 2008) ("[M]ost of these documents are not of a type created by the taxpayer, and thus it is not likely that any *testimonial* evidence would be sought in the form of these documents."). "This category of documents includes bank statements." *Id.*; *see also In re Sambrano Corp.*, 441 B.R. 562, 568 (W.D. Tex. Bnkr. 2010) (noting that tax-return documents are not

protected); *see also Tervort*, 2008 WL 5273492, at *6 (noting that "bank statements, checkbooks, canceled checks, savings account passbooks, records or certificates of deposits, current vehicle registration certificates, deeds or contracts concerning real property, stocks and bonds, accounts, notes and judgment receivable, and all life and health insurance policies . . . are not of a type created by the taxpayer, and thus it is not likely that any testimonial evidence would be sought in the form of these documents").

### 2. Self-incriminating

"'The central standard for the . . . application [of the fifth amendment privilege against self-incrimination is] whether the claimant is confronted by substantial and 'real', and not merely trifling or imaginary, hazards of incrimination.'" *Argomaniz*, 925 F.2d at 1353 (quoting *Marchetti v. United States*, 390 U.S. 39, 53 (1968)); *United States v. Ahee*, 5 F. App'x 342, 350 (6th Cir. Feb. 15, 2001) (same). Because the IRS's "criminal and civil elements are inherently intertwined," *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978), "[t]here can exist a legitimate fear of criminal prosecution while an IRS investigation remains in the civil stage, before formal transfer to the criminal division." *Argomaniz*, 925 F.2d 1349; *see also United States v. Sharp*, 920 F.2d 1167, 1170 (4th Cir. 1990) (noting that the privilege against self-incrimination "may apply in the context of an IRS investigation into civil tax liability, given the recognized potential that such investigations have for leading to criminal prosecution"). But "[t]he taxpayer seeking the protection of this privilege to avoid compliance with an IRS summons must provide more than mere speculative, generalized allegations of possible tax-related prosecution . . . . [T]he taxpayer must be faced with substantial and real hazards of self-incrimination." *Argomaniz*, 925 F.2d at 1353; *see also In re Gilboe*, 699 F.2d 71, (2d Cir. 1983) ("[W]e have required the witness asserting the [Fifth

Amendment] privilege to demonstrate a real and substantial risk, as distinguished from a mere possibility, that answers to questions might provide a link which would lead to incrimination of him . . . ."); *United States v. Grable*, 98 F.3d 251, 255 (6th Cir. 1996) ("The existence of 'substantial and real hazards of self-incrimination' is prerequisite to the proper assertion of the 'act of production privilege.'" (quoting *Argomaniz*, 925 F.2d at 1353)).

"[I]t is the role of the district court, *not* the taxpayer, to evaluate the taxpayer's claim of incrimination and determine whether it is reasonable." *Argomaniz*, 925 F.2d at 1349; *see also United States v. Bratton*, 287 F. App'x 414, 416 (5th Cir. July 29, 2008) ("[The defendant] is 'not the final arbiter of whether or not information sought would tend to incriminate.'" (quoting *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978)). "This will be best accomplished in an *in camera* proceeding wherein [the subpoenaed party] is given the opportunity to substantiate his claims of the privilege and the district court is able to consider the questions asked and the documents requested by the summons." *Id.*; *see also Bratton*, 287 F. App'x at 416 ("Having set forth evidence establishing the possibility of a criminal referral and a statement from the IRS that such criminal referral is imminent, it remains Batton's obligation to present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense. The district court may then determine by reviewing the records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded." (internal punctuation omitted)); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969) ("The district court may then determine by reviewing . . . [the taxpayer's] records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded.").

### 3. The Required Record Exception

There is one important exception to the act-of-production privilege. "[T]he [required records] exception "overrides the privilege against self-incrimination in situations in which the privilege would otherwise apply." *In re Two Grand Jury Subpoenas Duces Tecum Dated Aug. 21, 1985*, 793 F.2d 69, (2d Cir. 1986); *see also In re Grand Jury Proceedings*, 601 F.2d 162, 168 (5th Cir. 1979) ("While natural persons need not produce their personal papers, their constitutional protection does not extend to 'required records'; 'records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established." (quoting *Shapiro v. United States*, 335 U.S. 1, 33 (1948)). "To qualify as a required record, a document must satisfy a three-part test: (1) it must be legally required for a regulatory purpose, (2) it must be of a kind that the regulated party customarily keeps, and (3) it must have assumed 'public aspects' which render it analogous to public documents." *Sambrano*, 441 B.R. at 568 (citing *AAOT Foreign Econ. Ass'n (VO) Tehcnostroyexport v. Int'l Dev. and Trade Servs., Inc.*, No. 96056(JGK)(AJP), 1999 WL 970402, at *7 (S.D.N.Y. Oct. 25, 1999)). Tax forms, including W-2s and 1099s, are required records. *Sambrano*, 441 B.R. at 568; *see also United States v. Edgerton*, 734 F.2d 913, 918 (2d Cir. 1984) ("There is precedent for holding that W–2s and Forms 1099 are required records."); *In re Doe*, 711 F.2d 1187, 1191 (2d Cir. 1983) ("We have little difficulty applying the required records exception to the W–2 and Schedule II prescription forms."); *United States v. Clark*, 574 F. Supp. 2d. 262, 267 (D. Conn. 2008) ("Courts in the Second Circuit have held that 'required documents' include W–2 forms, 1099 statements, tax returns, and employee earnings statements." (internal quotations omitted). Ha and Nguyen must produce without objection all tax returns and tax forms requested by the United States because these are required records.

9

**B.     Analysis**

Ha and Nguyen have made a blanket Fifth Amendment objection to the subpoena. "It is generally agreed that the recipient of a summons properly should appear before the issuing agent and claim privileges on a question-by-question and document-by-document basis." *United States v. Davis*, 636 F.2d 1028, 1038 (5th Cir. 1981). "Blanket assertions of privilege before a district court are usually unacceptable." *Id.* at 1044 n.2; *see also United States v. Ahee*, 5 F. App'x 342, 350 (6th Cir. Feb. 15, 2001) ("The cases that have upheld the exercise of the Fifth Amendment privilege typically involve criminal activity, or suspected criminal activity. They do not involve blanket refusals to provide any information whatsoever on an IRS 1040."). Ha's and Nguyen's blanket invocation of the Fifth Amendment to resist producing documents is improper. The Fifth Amendment must be invoked on a document-by-document and question-by-question basis and Ha and Nguyen must demonstrate a substantial and real risk of incrimination. *Argomaniz*, 925 F.2d at 1353; *Bratton*, 287 F. App'x at 416. They have not made this showing.

Ha and Nguyen must comply with the summons. To the extent they believe that producing certain documents creates a substantial and real risk of incrimination, they may submit those documents to this court for *in camera* review, no later than **May 20, 2011**. *Argomaniz*, 925 F.2d at 1353; *Bratton*, 287 F. App'x at 416.

This court notes that, assuming Ha and Nguyen can show that producing individual documents creates a substantial and real risk of incrimination, certain categories of documents are likely "testimonial" unless the government can demonstrate its knowledge of the existence, possession, and authenticity of the documents with "reasonable particularity." *Ponds*, 454 F.3d at 320–21. Those categories are:

1. requests for documents showing "the information given" to Ha and Nguyen's tax preparer or the information forming the basis for any tax return, including whether income or expenses were omitted from previous tax returns;

2. requests for documents "related to" Ha's and Nguyen's bank accounts and investment accounts;

3. requests for documents "related to" Ha's and Nguyen's assets, including vehicles and real property;

4. requests for documents "related to" the amount of cash Ha and Nguyen keep on hand;

5. requests for documents "related to" Ha's and Nguyen's loans;

6. requests for documents "related to" other income sources;

7. requests for documents "related to" retirement accounts; and

8. requests for documents "related to" businesses other than Kingdom Granite & Shutter.

Producing these categories of documents may "tacitly concede the existence of the papers demanded and their possession or control by the taxpayer" and also evidences Ha's and Nguyen's belief "that the papers are those described in the subpoena." *Fisher*, 425 U.S. at 410.

By contrast, the Fifth Amendment is likely not properly invoked against the following categories of questions because there is no reasonable basis to believe that documents responsive to these questions could be used to establish criminal failure to file a tax return:

1. questions related to whether Ha or Nguyen have been previously audited;

2. questions related to whether Ha or Nguyen ever filed for bankruptcy; and

11

      3.      questions related to whether Kingdom Granite & Shutter ever filed for bankruptcy.

### III.    Conclusion

The petitions to enforce the summonses, (No. H-11-MC-83, Docket Entry No. 1); (No. H-11-MC-85, Docket Entry No. 1), are granted. Ha and Nguyen must comply with the subpoena by **May 20, 2011**, except that they may object to producing specific documents and provide those documents for *in camera* review by this court no later than **May 20, 2011**.

SIGNED on May 5, 2011, at Houston, Texas.

                                  Lee H. Rosenthal
                                  United States District Judge

.